# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: Pamela V. Cornish a/k/a Pamela V. Cornish** <br> **William V. Cornish** <br>       **Debtor(s)** | **CHAPTER 13** |
| **U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2021-NR2 Mortgage-Backed Notes, Series 2021-NR2** <br>       **Movant** <br> vs. | **NO. 18-02418 HWV** |
| **Pamela V. Cornish a/k/a Pamela V. Cornish** <br> **William V. Cornish** <br>       **Debtor(s)** | **11 U.S.C. Section 362 and 1301** |
| **Jack N. Zaharopoulos** <br>       **Trustee** | |

## ORDER

Upon consideration of Movant's Motion for Relief from the Automatic Stay, it is:

ORDERED THAT: The Motion for Relief from the Automatic Stay of all proceedings is granted and the Automatic Stay of all proceeding, as provided under Section 362 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (The Code), 11 U.S.C. Section 362, is modified with respect to the subject premises located at 522 North Beaver Street, York, PA 17404 ("Property), so as to allow Movant, its successors or assignees, to proceed with its rights and remedies under the terms of the subject Mortgage and pursue its in rem State Court remedies including, but not limited to, taking the Property to Sheriff's Sale, in addition to potentially pursuing other loss mitigation alternatives including, but not limited to, a loan modification, short sale or deed-in-lieu of foreclosure. Additionally, any purchaser of the Property at Sheriff's Sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the Property.

By the Court,

_____
Henry W. Van Eck, Chief Bankruptcy Judge
Dated: September 20, 2022